UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ROMERO and HEATHER DUCHARME-ROMERO,  *Plaintiffs,*  v.  BEXAR COUNTY and DEPUTY SHERIFF CHAVARRIA,  *Defendants*. | § § § § § § § § § § § § |

Civil Action No. SA-13-CA-0495-XR

ORDER

On this date, the Court considered Defendants' motion to dismiss and in the alternative for summary judgment. Doc. No. 7. After careful consideration, the Court GRANTS the motion to dismiss as against Defendant Bexar County. With the respect to the claim against Deputy Sherriff Chavarria, Plaintiffs are ORDERED to file a response to Defendants' motion for summary judgment on or before December 24, 2013.

DISCUSSION

This case arises out of an incident in which Deputy Sherriff Chavarria shot pro se Plaintiffs' pet dog, Licker, at their home. Plaintiffs allege that this constitutes a violation of their Fourth Amendment right to be free of unreasonable seizures of their property. Doc. No. 4. Plaintiffs have brought suit under § 1983 against both Deputy Chavarria in his individual capacity and against Bexar County.

1

With respect to the individual capacity claim, Plaintiff has not responded to Defendants' motion for summary judgment on the basis of qualified immunity. Government officials are protected from civil liability under the doctrine of qualified immunity if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). When a governmental actor pleads qualified immunity, the burden shifts to the Plaintiff to show that the doctrine does not apply. *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992). To overcome a qualified immunity defense, a plaintiff must show: (1) a violation of a clearly established right; and (2) that the official's conduct was objectively reasonable under clearly established law existing at the time of the incident. *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001).

In this case, Deputy Chavarria does not argue that the shooting of a pet dog cannot constitute a violation of a clearly established right. Instead, Deputy Chavarria asserts that his conduct was "objectively reasonable under clearly established law existing at the time of the incident." Doc. No. 7. Deputy Chavarria argues that he shot the dog out of a reasonable fear for his own safety. *Id.* As evidence, Defendants have included affidavits from Deputy Chavarria and Deputy Phillips, another officer that was also present at the scene. To defeat this motion for summary judgment, Plaintiffs must put forward some competent evidence that interjects a genuine issue of material fact.[1] FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Because Plaintiffs are pro se, the Court will decline to rule on Defendants' motion for summary judgment until Plaintiffs have a chance to respond.

With respect to Plaintiffs' claims against Bexar County, Plaintiffs have failed to state a claim upon which relief may be granted. In general, municipalities are not vicariously liable for the actions of their employees under § 1983. *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996).

---

[1] This can take the form of a sworn affidavit recounting Plaintiffs' version of the events.

A municipality only faces liability under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury...." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978).  To establish municipal liability, a plaintiff must prove: (1) the existence of an official policy (or custom), of which, (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy (or custom). *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

In this case, Plaintiffs have not sufficiently alleged the elements of a *Monell* claim against the County.  They do not allege that the County has a policy of unlawfully seizing pets. Plaintiffs' complaint could be liberally construed as asserting that the County has as a custom of unreasonably seizing pets. Doc. No. 4.  However, for municipal liability to attach based upon a custom, there must be more than just an isolated incident of unlawful conduct.  *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).  Other than the incident with Deputy Chavarria, Plaintiffs have not alleged any other instance of similar conduct on behalf of Bexar County employees. Plaintiffs have therefore failed to allege that the custom and practice of unreasonably killing pets that is "so persistent and widespread" that it can be attributed to the municipality. *Pembaur v. Cincinnati*, 475 U.S. 469. (1986) (internal citations omitted).

## CONCLUSION

Plaintiffs are ORDERED to file a response to Defendants' motion for summary judgment on the basis of qualified immunity on or before January 6, 2014.   This response should include competent evidence showing that Deputy Chavarria's conduct was not objectively reasonable. <u>Failure to file a response may result in the claim against Deputy Chavarria being dismissed</u>. In light of the foregoing analysis, Plaintiffs' claim against Bexar County is DISMISSED.

SIGNED this 5th day of December, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE