UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ROMERO and<br>HEATHER DUCHARME-ROMERO, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.  SA-13-CA-0495-XR |
| BEXAR COUNTY and | § | |
| DEPUTY SHERIFF CHAVARRIA, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On this date, the Court considered Defendant's motion for summary judgment.  Doc  No.

7.  After careful consideration, the Court GRANTS the motion and DISMISSES the case.

## BACKGROUND

This case arises out of allegations that Defendant Deputy Sheriff Chavarria unlawfully

shot and killed Plaintiffs' pet dog.  On the evening of June 7, 2011, Deputy Chavarria responded

to a 911 call while on a routine patrol.  The call had been placed by several individuals who

claimed that they had been threatened by a man with a firearm during an altercation following a

day of swimming on the Medina River.   Upon arriving at the scene, Deputy Chavarria and

several other officers ascertained the identity of the allegedly armed assailant: Plaintiff Mark

Romero.  The officers, acting on information obtained at the scene, then proceeded to Mr.

Romero's home.  Deputy Chavarria and his colleagues acknowledge noticing a "Beware of

Dogs" sign but nonetheless entered Plaintiffs' fenced-in property.   As the police officers

1

approached the house, four dogs charged them.[1]  Fearing for his safety, Deputy Chavarria shot one of the dogs.  Doc. No. 7, Ex. A. Thereafter, Plaintiff Mark Romero was taken into custody and charged for his involvement in the earlier altercation.

Plaintiffs' Amended Complaint alleges that Deputy Chavarria and the Bexar County Sheriff's Department violated various constitutional rights when they unlawfully entered Plaintiffs' property and killed their dog.  Doc. No. 4.  Specifically, Plaintiffs allege that their dog, Licker, posed no threat to Deputy Chavarria and that therefore their property was seized unlawfully in violation of the Fourth and Fourteenth Amendments.   On August 2, 2013 Defendants filed this motion to dismiss, or in the alternative, for summary judgment. Doc. No. 7. After granting pro se Plaintiffs an extension of time to respond and to engage an attorney, on December 5, 2013, this Court granted the motion to dismiss with respect to Defendant Bexar County because Plaintiffs had failed to state a *Monell* claim against the County.  Doc. No. 10.

With respect to the motion for summary judgment, Defendants had attached affidavits as evidence that Deputy Chavarria acted with objective reasonableness and was therefore entitled to qualified immunity.  However, the Court found that it was premature to grant summary judgment on the individual capacity claims against Deputy Chavarria until pro se Plaintiffs had been given time to produce competent evidence showing that a genuine fact issue existed.  Accordingly, Plaintiffs were ordered to provide evidence establishing a fact issue on or before January 6, 2014. *Id.*  As of January 9, 2014, Plaintiffs have not provided any evidence that contradicts Deputy Chavarria's version of the events.

---

[1] The Amended Complaint alleges that Deputy Chavarria shot Licker through the right rear thigh as the dog attempted to run away, thereby posing no reasonable threat to the officers. Doc. No. 4.  In addition, Plaintiffs allege that Deputy Chavarria behaved in an unprofessional and unbecoming manner by taunting them about their dead pet in front of their children.  If true, these allegations reflect poorly on Deputy Chavarria. However, Plaintiffs have not provided any evidence to corroborate their claims.

**LEGAL STANDARD**

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986).  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

**DISCUSSION**

Deputy Chavarria's primary argument is that the suit is barred by qualified immunity. Government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   To determine whether qualified immunity applies, the courts apply the two-part test established in *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009).   Under this framework, the Court decides: "(1) whether facts alleged or shown by plaintiff make out the violation of a constitutional right, and

3

(2) if so, whether that right was clearly established at the time of the defendant's alleged misconduct." *Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009).[2]

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Lytle v. Bexar Cnty., Tex.,* 560 F.3d 404, 410 (5th Cir. 2009) (quoting *Saucier*, 533 U.S. at 202).   When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).   Qualified immunity is not only a defense to liability but also a immunity from suit.  *Pearson*, 555 U.S. at 223.   Thus, the Supreme Court has generally directed courts to resolve the issue before permitting discovery.  *Anderson v. Creighton*, 483 U.S. 635, 640  n. 2 (1987).

Deputy Chavarria does not argue that the killing of a pet cannot constitute a constitutional violation.[3]   Instead, Deputy Chavarria argues that he has satisfied the second prong of the *Saucier v. Katz* test because his conduct was objectively reasonable under the circumstances. With respect to this inquiry, courts are directed to look at the facts and circumstances "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," and courts "must account for the difficult and often split-second decisions that police officers must make in carrying out their duties."  *Lytle v. Bexar County, Texas,* 560 F.3d 404, 411 (5th Cir .2009).

---

[2] If the answer to either of these questions is "no" then qualified immunity applies.

[3] Circuit courts routinely find that the killing of an individual's pet can constitute a seizure within the meaning of the Fourth Amendment.  *Andrews v. City of West Branch*, 454 F.3d 914, 918 (8th Cir.2006) (holding that police officer's shooting of pet dog can constitute a seizure under the Fourth Amendment); *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975 (9th Cir.), *cert. denied*, 546 U.S. 1061(2005); *Altman v. City of High Point, N.C.*, 330 F.3d 194, 204-05 (4th Cir. 2003) (holding that animal control officers' actions of killing owner's dogs constituted a "seizure" of the owner's "effects" under the Fourth Amendment); *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 210-11 (3d Cir.2001) (same*); Maldonado v. Fontanes*, 568 F.3d 263, 271 (1st Cir. 2009) (holding that killing of pet cats and dogs constituted a seizure under the Fourth Amendment); *Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008).

Based on Deputy Chavarria's affidavit, it would appear that his conduct was objectively reasonable.[4]  It is undisputed that when Deputy Chavarria arrived at Plaintiffs' residence, he had reason to believe that Plaintiff Mark Romero was armed and dangerous.  Upon approaching the house, Deputy Chavarria testified that "several large dogs ran out aggressively charging, barking and growling, at Deputy Phillips and me (sic)." Doc. No. 7, Ex. A.   He further testified that he acted only in the interest of his own safety and that of Deputy Phillips.  It is objectively reasonable for an officer to shoot a dog that he reasonably believes poses a threat. *See, Altman v. City of High Point, N.C.*, 330 F.3d 194, 206 (4th Cir. 2003) (Officer's conduct was objectively reasonable when he shot several dogs that were running towards him).   In addition, Deputy Phillips has corroborated Deputy Chavarria's claim that he acted in self-defense when he shot the dog.  Doc. No. 7, Ex. B.    Since Plaintiffs have not offered any evidence to contradict this version of the events, there is no factual dispute that precludes Deputy Chavarria from enjoying qualified immunity on the individual capacity claim.[5]

## CONCLUSION

In light of the foregoing analysis, Defendant's motion for summary judgment is GRANTED. Doc. No. 7.  The Clerk is directed to CLOSE this case and issue a judgment that Plaintiffs take nothing on their claims, which are hereby DISMISSED ON THE MERITS. Defendant is awarded costs of court and shall file a Bill of Costs in accordance with the local rules.

---

[4] Although the Amended Complaint paints a different picture of the events, it is unsworn and therefore does not constitute competent summary judgment evidence.

[5] In a similar case involving the police shooting a dog, a court in this district declined to grant summary judgment when the parties offered differing views of the danger the dog posed to the officer.  *Kincheloe v. Caudle*, A-09-CA-010 LY, 2009 WL 3381047 (W.D. Tex. Oct. 16, 2009).   Unlike in *Kincheloe*, , Plaintiffs here have not offered competent evidence showing a fact issue exists as to what danger their dog posed to Deputy Chavarria.

SIGNED this 9th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE